RECEIVED

APR 0 3 2013

TONY R. MOORE CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY _____

UNITED STATES DISTRICT COURT   no $ paid

WESTERN DISTRICT OF LOUISIANA

_____ Division

---

Kevin E. Howard 293484

**Petitioner's Name, Prisoner Number**

07-5586

**State Court Docket Number**

**VS.**

Darlene Burns

**Respondent** (person having custody of petitioner)

_____ Sec.P.

**Civil Action Number**

Ross P. LaDart

**Judge**

_____

**Magistrate Judge**

---

**PETITION UNDER 20 U.S.C. §2254 FOR WRIT OF HABEAS CORPUS BY A PERON IN STATE CUSTODY**

1. The name and address of your present place of confinement:

   Vernon Correctional Facility 2294 Slagle Rd. Leesville La. 71446

2. Are you presently in custody pursuant to the conviction(s) or sentence that you seek to challenge here?

   Yes __X__   No_____

3. With regard to the conviction(s) or sentence you are attacking state:

   a. The name, address, and parish of the court entering the judgment of conviction:

      24th Judicial District Court of Louisiana- Jefferson Parish 200 Derbigny St. Gretna La. 70053

b. The date of judgment of conviction: 07/06/2009

c. The length of your sentence: 15 years

d. The nature of each offense you were convicted of: Distribution of a Controlled Dangerous Substance (Heroine), Possession of a Controlled Dangerous Substance (Cocaine) in excess of 28-199 grams.

e. Whether you were convicted of each offense following a plea of:

i. Not guilty  **X**

ii. Guilty  _____

iii. Nolo contend ere  _____

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____

_____

f. If you pleaded not guilty, what kind of trial did you have? (Check one)

i. Jury ___

ii. Judge only **X**

g. Did you testify at trial?

Yes **X**    No ___

4. **Statute of Limitations**

28 U.S.C. §2244(d) establishes a 1 year statute of limitations for an application for a writ of habeas corpus. Is this application barred by this 1-year period of limitation?

YES ___   NO **X**

If not, state why not? Within 1 year limitation.

_____

_____

_____

5. **Grounds for Present Petition**

State *concisely* each and every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. You may attach pages stating additional grounds and facts supporting same.

**WARNING:** Absent exceptional circumstances, if you fail to set forth all grounds in this petition, you will be barred from presenting additional grounds at a later date. See 28 U.S.C. §2244.

a. Ground one: __Jury Waiver Issue__

Supporting FACTS (state briefly without citing cases or law) __See attached.__

b. Ground two: __Violation of Constitutional Rights.__

Supporting FACTS (state briefly without citing cases or law) __See attached.__

c. Ground three: __Denial of effective assistance of counsel.__

Supporting FACTS (state briefly without citing cases or law) __See attached.__

  d. Ground four: Conviction Obtained by a Violation of the Privilege against Self- Incrimination.

   Supporting FACTS (state briefly without citing cases or law) See attached.

6. **Direct Appeals**

  a. Did you file a direct appeal from your judgment of conviction or sentence?

   Yes __X__ No ___

  b. If you did file a direct appeal, for you initial appeal, answer the following:

   i. the name and address of the court where you first appealed:

    Fifth Circuit Court of Appeal 101 Derbigny St. Gretna, La. 70053

   ii. The result of this appeal:

    Conviction and sentence conditionally affirmed remanded for evidentiary hearings.

   iii. The date of the decision: 05/25/2010

   iv. The citation and/or docket number of the decision (if known).
    09-KA-928

   v. The grounds raised in your present habeas petition that were raised in this direct appeal.

    Denial of effective counsel, Jury Waiver Isssue.

  c. If you sought review of your appeal by a higher court, answer the following:

   i. The name and address of the court where you next applied for review:
    Louisiana Supreme Court
    400 Royal St. New Orleans La. 70130

    ii.    The result of this appeal:
Denied

    iii.   The date of the decision: 04/09/2012
    iv.   The citation and/or docket number of the decision (if known): 2011-KH-1468
    v.    The grounds raised in your present habeas petition that were raised in this earlier application for review:
Denial of effective assistance of counsel, Jury Waiver Issue, Violation of Constitutional Rights

d.    If you filed a petition for certiorari in the U.S. Supreme Court, please answer the following with respect to each such petition:

    i.    The result: **N/A**
    ii.   The date of the result: **N/A**
    iii.   The citation and/or docket number (if known): **N/A**

    iv.   The grounds raised in your present habeas petition that were raised in this earlier appeal:
**N/A**

7.   **Post-Conviction or other Collateral Review**

a.    Other than the direct appeals described above, have you previously filed any petitions, applications, or motions with respect to your judgment of conviction or sentence in the state court?

        Yes _____ No __**X**__

b.    If so, give the following information with regard to the first petition, application, or motion you filed:

    i.    The name and address of the court: **N/A**

    ii.   The nature of the proceeding: **N/A**

    iii.   The date it was filed: **N/A**

    iv.   The grounds raised in your habeas petition that were raised:

       **N/A**

v.     Did you receive an evidentiary hearing? Yes _____ No **X**_____

vi.    The result: **N/A**

vii.    Did you appeal or file an application for review to higher state courts having jurisdiction?

       Yes _____ No **X**_____

viii.    If not, briefly explain why you did not: **N/A**

ix.    If so, name the court(s) to which you applied, the date of the final result in each court, and the result in each court: **N/A**

c.    If you filed a second petition, application, or motion, give the following information with regard to that filing:

    i.    The name and address of the court: **N/A**

ii. The nature of the proceeding: __N/A__

iii. The date it was filed: __N/A__

iv. The grounds raised in your present habeas petition that were raised:

__N/A__

v. Did you receive an evidentiary hearing?

Yes _____ No __X__

VI. The result: __N/A__

Vii Did you appeal or file an application for review to higher state courts having jurisdiction?

Yes _____ No __X__

viii. If not briefly explain why you did not: __N/A__

ix. If so, name the court(s) to which you applied, the date of the final result in each court, and the result in each court: __N/A__

8. **Exhaustion of State Remedies**

Generally, any ground that you seek to present here must have first been presented to the state courts. See 28 U.S.C. §2254 (b). Attach copies of previous petitions, applications, or motions filed with the state courts where you presented each of the grounds listed in Part 5. If any of the grounds listed in Part 5 above have not been previously presented to the highest state court that has the power to consider it, state briefly what grounds were no so presented, and give your reasons for not presenting them:

Ground Four: Conviction Obtained by a Violation of the Privilege against Self-Incrimination. The petitioner after reviewing his entire appeallate record found additional grounds to present to courts for relief in his case. Additional grounds were raised because petitioner was represented by Louisiana Appellate Project who after initial direct appeal have no further jurisdiction over legal proceedings.

9. Prior Federal Habeas Petitions

    a.    Have you filed any other petition in any federal court where you sought to attack the same conviction(s) or sentence you are challenging here?

        Yes____ No __X__

    b.    If so, give the following information:

        i.    The name and address of the court where it was filed:

            **N/A**

        ii.    The docket number: **N/A**

        iii.    The grounds raised: **N/A**

10.    Other Pending Actions

    a.    Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment you are attempting to attack here? Yes__ No __X__

    b.    If so, please give the following information:

i. The name and address of the court where it was filed:

**N/A**

ii. The docket number: **N/A**

iii. The nature of the proceeding: **N/A**

11. **Attorneys Representing Petitioner**

Give the name and address of each attorney who represented you in the following stages of the judgment attacked herein:

a. At the preliminary hearing: N/A Jake Lemmon 200 Derbigny St. Gretna La. 70053

b. At the arraignment and plea: N/A Jake Lemmon 200 Derbigny St. Gretna La. 70053

c. At trial: N/A Jake Lemmon 200 Derbigny St. Gretna La. 70053

d. At sentencing: N/A Jake Lemmon 200 Derbigny St. Gretna La. 70053

e. On appeal: N/A Prentice L. White P.O. Box 74385 Baton Rouge La. 70874 — Joe Perez 200 Derbigny St. Gretna La. 70053

f. In any post-conviction proceeding: **N/A**

g. On appeal from and adverse ruling in a post-conviction proceeding: **N/A**

12. Other Sentences

a. Where you sentenced for more than one offense in the same court at the same time?

Yes ___ No _X_

b. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes ___ No _X_

i. if so, give the name and location of the court which impose the sentence to be served in the future: __N/A__

ii. Give the date and length of the said sentence: __N/A__

iii. Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ___ No _X_

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

_/s/ Kevin E. Howard_____
Signature of Petitioner

Ground One

## Jury Waiver Issue

**Supporting Facts:**

    Trial Court relied on assumption that the defense counsel adequately informed the defendant of rights, including right to a jury trial, right to confront accusers, and privilege against self-incrimination. Trial Court did not ascertain that defendant was knowingly and intelligently waiving those rights prior to proceeding to trial, an unequivocal showing that defendant knowingly and intelligently made a waiver cannot be presumed. The Trial Court did not actively participate in canvassing this matter with the defendant. Because of the legal consequences that exist from choosing a bench trial over a standard jury trial, federal and state jurisprudence dictates that the defendant can only waive those rights to a jury trial if he is "thoroughly informed" of the difference between the two forms of trial. A defendant must be duly cautioned as to his rights. State (Louisiana) jurisprudence mandates that a "vague" or "defective" waiver of jury trial shall result in the defendant's conviction being set aside. In this case, a silent record should not be sufficient. Let the record reflect that the trial court made a constitutional, procedural, legal, and judiciary error in obtaining a conviction of the accused.

    **Note: May the Jefferson Parish Clerk of Court's Office Records reflect that the defendant was granted a bench trial in 2008 by the court prior to trial proceedings in 2009.**

Ground Two

## Violation of Constitutional Rights

**Supporting Facts:**

    Petitioner contends that at the pretrial stages of his proceedings, his attorney filed motions on his behalf in which the Trial Court failed to comply with, nor did they provide the accused with information crucial to his preparation for adequate defense, thus prejudicing the defendant's ability to refute evidence against him. Petitioner also contends that his rights were violated when narcotics detectives obtained a search warrant for the premises by falsifying evidence against him, with an untested, and unreliable confidential informant, which, lead to unreasonable search and seizure. Furthermore, overzealous narcotics agents prompted confidential informant to identify the defendant through a picture obtained at the time of crime they alleged he committed in which he was the only person shown. Defendant asserts that others within

1.

the household fit the description of a black male with dreadlocks at the time of crime being committed. Mere fact that there is probable cause to suspect a crime committed does not in and of itself constitute probable cause to search a residence. Search warrant affiant made a material and intentional misrepresentation to the magistrate judge, constituting a fraud upon the court. Moreover, petitioner was denied the opportunity to confront confidential informant, as well as narcotics agents who claimed they conducted survellaince. Also, petitioner requested to have witnesses on his behalf prior to trial but to no avail. Defendant was denied exculpatory evidence, and witnesses during trial proceeding that made him inadequate in preparing a defense against the state. Additionally, the defendant's rights were violated by detective's psychologically manipulating him into a "coerced confession" in order to have persons within household during committed crime to be exonerated prior to his arrest. However the "coerced confession" was used in court as evidence that culminated in his conviction.

**Ground Three**

<u>Denial of Effective Assistance of Counsel</u>

**Supporting Facts:**

The Constitution of the United States of America recognizes the right to assistance of counsel because it envisions the counsel playing a role that is critical to the ability of the adversarial system to produce just results. The accused is entitled to be assisted by an attorney, whether retained or appointed, who plays the role necessary to ensure that the trial is fair. Petitioner contends that counsel's constructive denial in this case resulted in his conviction and sentence. The adversarial process ensures that one be able to cross-examine witnesses and participants in the alleged crime. Counsel's stipulation to the facts in the search warrant affidavit were accurate with the regards of Mr. Howard being positively identified in undercover drug buy with untested confidential informant. It was crucial for the Confidential Informant to be present at trial for the following reasons. The Confidential Informant did more than identify Mr. Howard, the Confidential Informant negotiated a deal, the C.I. is the one who in fact entered the house, this constituting more than an identification. See, here the C.I. is an "active participant". Furthermore, counsel was unable to make independent decisions on how the trial strategy was to be conducted by letting the state dictate procedural grounds for the trial for the sake of time. Counsel did not show client a duty of loyalty, or duty to avoid conflict of interest, being that he was a state appointed lawyer. Counsel failed to demonstrate skill, and knowledge to render a reliable, and adversarial testing process, by doing little to upset the state's defense against defendant by stipulating to all evidence against accused. Also, counsel did not impos

2.

did not impose client's rights that entitle counsel to investigate be effective and options surrounding and associated with this case. Moreover, counsel was inconsistent in pursuing other lines of defense which would have exonerated defendant prior and during trial proceedings. Finally, counsel was unconvinced of defendant's innocence which lead him to not putting forth the time and effort necessary to mount a good defense.

**Ground Four**

### Conviction Obtained by a Violation of the Privilege against Self-Incrimination

**Supporting Facts:**

Defendant asserts that he was forced to testify against himself during trial proceedings. The defense lawyer for the defendant made him take the stand to try to prove his innocence before the trial judge. The defendant contends that the state's prosecution had the burden of proof to prove beyond a reasonable doubt that he was guilty, not that he was required to prove his innocence during the trial proceedings.

3.

## INSTRUCTIONS FOR FILING A

## PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. §2254

## FOR A PERSON IN STATE CUSTODY

1. **WHO SHOULD USE THIS FORM**. You should use this packet if you: 1 are in state custody; 2 wish to challenge the fact or duration of your confinement; 3 believe your federal constitutional rights have been violated; and 4 do not have a licensed attorney to represent you.
2. **FILL OUT THE FORM**. Petitions must be filed on the attached form. All questions on the form must be with respect to the facts upon which you rely to support your grounds for relief.
3. **STATE ONLY THE FACTS**. Your petition must only set forth the facts upon which you rely in support of your petition for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.
4. **TYPE OR PRINT THE PETITION**. Your petition must be typed or legibly handwritten.
5. **PAPER SIZE**. All pleadings and other papers submitted for filing must be on 8 ½" x 11" paper (letter size paper not legal size paper).
6. **RESPONDENT**. Generally the respondent is the Warden at the institution in which you are confined.
7. **FILING FEE**. The filing fee of $5.00 must be paid at the time of filing. If you do not have the filing fee, you may request to proceed *in forma pauper is*. In requesting to proceed *in forma pauper is*, you must provide the court with information regarding your financial situation and complete the attached forms provided for this purpose.
8. **EXHAUSTION OF STATE SOURT REMEDIES**. All claims which you seed to present here must have first been fairly presented to all state courts that have power to consider them so that the state courts have the first opportunity to consider each of your claims. This court cannot grant relief unless you have exhausted all available state court remedies. See 28 U.S.C. §2254(b) (1).
9. **SECOND OR SUCCESSIVE PETITIONS**. There are strict limits on filing second or successive petitions which address issues which have been presented in prior petitions for writ of habeas corpus filed under 28 U.S.C. §2254. See 28 U.S.C. §2244(a), (b). In any event, before a second or successive petition permitted by this section is filed in this district court, the petitioner must obtain authorization from the U.S. court of Appeals for the Fifth Circuit. See U.S.C. §2244(b) (3).
10. **PRESENTATION OF ALL CLAIMS**. If this is your first petition for writ of habeas corpus filed under 28 U.S.C. §2254, please note that you must include all grounds for relief and all facts supporting such grounds for relief in the petition. Failure to include all grounds for relief may result in those grounds not included being barred at a later date.
11. **SCOPE ON PETITION**. Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same or different states, you must file separate petitions as to each court.
12. **STATUTE OF LIMITATIONS**. A 1 year period of limitation shall apply to an application for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. §2244 (d) (1).
13. **WHERE TO MAIL**. When the petition is fully complete, the original and two copies, along with the filing fee or application to proceed in forma pauper is must be mailed to: Clerk of Court, United States District Court, Western District of Louisiana, #00 Fannin Street, Suite 1167, Shreveport, Louisiana 71101-3083.
14. **DEFICIENT PETITIONS.** Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.



Kevin E. Howard #293484
Vernon Correctional Center
2294 Slagle Road
Leesville, LA 71446

Clerk of Court
United States District Court
Western District of Louisiana
300 Fannin Street - Suite 1167
Shreveport, LA 71101-3083

RECEIVED
APR 03 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY_____