Supreme Court of Louisiana
State of Louisiana

No.: 10 - KA - 869 (5th Circuit Court of Appeal)

State of Louisiana

vs

Kevin E. Howard

## Petition For Supervisory Writ And/or Review

Now Into Court, pro'se', comes Kevin E. Howard (petitioner), who respectfully moves this Honorable Court into issuing a Supervisory Writ and/or Review in the above captioned case. In support of such, petitioner submits the following, along with any pertinent exhibits.

## Jurisdiction of the Court

Jurisdiction is vested in this Honorable Court by virtue of Louisiana Constitution Article V, §10 and/or §1 (1974)

## Statement Of the Case

On or about August 2, 2007 petitioner was arrested for violations of LSA R.S. 40:966(A) and 40:967(F) respectively. On September 26, 2007, the District Attorney for Jefferson Parish filed Bill of Information against petitioner for violations of LSA R.S. 40:966 and 40:967(F). On October 16, 2007, petitioner appeared and entered plea of not guilty at his

arraignment for the above violations, the district court then appointed him a public defender to represent him throughout these proceedings. On January 28, 2008 Howard's counsel filed several discovery motions, including a Motion to Suppress Evidence, Identification, and Confession. On or about March 20, 2008, counsel for petitioner filed motion on petitioner's behalf to have a trial by judge. On on about April 4, 2008 petitioner was granted trial by judge per Clerk of Court records of Jefferson Parish. On June 24, 2009 petitioner was found guilty by district court on all charges by trial judge. On July 6, 2009 petitioner was sentence by district court to serve a concurrent sentence of fifteen (15) years for both offenses and also lodged $50,000 fine against based upon his convictions.

Petitioner, then filed an instant appeal to the 5th Circuit Court of Appeal contesting his convictions. Petitioner in his Motion to Appeal argued that his counsel was ineffective, waive of trial by jury was not made knowingly and intelligently. The 5th Circuit Court of Appeal conditionally affirm and remanded for evidentiary hearings due to the record did not satisfactorily show that he was fully informed of his right to a jur

(2)

trial by either the court or by his attorney, or that the waiver was knowingly and intelligently made. In addition, the 5th Court of Appeal said in this instant case the record was sufficient to address ineffective assistance claim due to counsel's offered a stipulation that facts contained in search warrant affidavit were accurate with regard to the undercover drug buy. This stipulation included information that Howard was positively identified as having sold narcotics to a confidential informant at 233 Helen Street, Apartment C. The prosecutor, in turn offered to stipulate that, if Detective Modica were called as witness, he would testify consistently with information in Detective Monnerjahn's search warrant application. Defense Counsel agreed to stipulation proffered by State, passing on opportunity to cross-examine Detective Modica, one of the officers who worked with the confidential informant.

On July 16, 2010 an evidentiary hearing was held for petitioner to determine issues raised in his appeal were well founded. Even though the record was not sufficient to support based upon testimonial evidence from petitioner's counsel and district court; petitioner's conviction and sentence, the district court ruled to deny petitioner relief and upheld his conviction and

(3)

sentence. Nothing in the evidentiary hearing transcript justified the district court's ruling that the waiver was made knowingly and intelligently. Prior to the trial, the district court just accepted Howard's decision, but did not question him about his decision. The district court erred in that it did not inform petitioner adequately about a jury being selected or what methods were in place to "ensure" that an impartial jury would be chosen. Petitioner simply asked for a waiver and he got it — no questions asked. Also, at the evidentiary hearing petitioner's counsel testified that various stipulations to the State's evidence because the judge was "well familiar" with the case and because he would just be posturing the court if he contested all evidence as it if he was conducting a jury trial. Unfortunately, petitioner counsel "decision to not challenge" the legitamacy of State's evidence or even subpoena witnesses on petitioner's behalf guaranteed petitioner's conviction. May the record reflect that testimonial evidence from evidentiary hearing should have satisfied petitioner's obligation to Court that his counsel's performance was so deficient that it "prejudiced" him by denying him the right to a fair trial.

(4)

## "Issues For Review"

1) Was petitioner's (Mr. Howard) constitutional rights violated during the course of his criminal proceedings by the district court [waiver of jury trial]?

2) Was petitioner's counsel ineffective during cours of criminal proceedings?

## Assignments of Error

1) The 5th Circuit Court of Appeal upheld petitioner' conviction and sentence despite overwhelming evidence from an erroneous evidentiary hearing that petition Constitutional rights (particularly; knowingly and intelligently waiver of jury trial) were violated. The record will reflect that neither district court or petitioner's counsel adequate provided sufficient information to petitioner as it relate to waiver of trial by jury. Furthermore, the record wil reflect that petitioner granted bench trial because he wanted it not because he was ~~thoroughly~~ questione beforehand by district court.

2) The 5th Circuit Court of Appeal denied petitioner' claim of ineffective assistance. At the evidentiary hearin petitioner's counsel testified that he made the decision to stipulate to the State's evidence because he did not wan to waste court's time with contesting the State on each piece of evidence it had planned to present. Counsel also mentioned he did not subpoena any witnesses because

(5)

believe that petitioner's potential witnesses would advance his defense strategy despite petitioner's request to subpoena witnesses to confirm his whereabouts denim controlled by Counsel's decision to make these arbitrary decisions without any input from the petitioner guaranteed his conviction. Thus, petitioner requests that this Honorable Court reverse his conviction under the United States Supreme Court decision in Strickland vs Washington. Petitioner's counsel conduct so "undermined" the proper function of the "adversarial process" that trial could not be relied on as having produced a just result

## <u>Law and Argument</u>
### a. Jury Waiver

A trial court cannot rely on an assumption that defense counsel adequately informed defendant of rights including right to a jury trial, right to confront accuser and privilege against compulsory self-incrimination. <u>State vs Williams, 384 So. 2d (479) (LA 1980), Morrison 930 So. 2d 1196, 40,986 La. App 2 Cir. 5/19/06, State vs Mendenhall (La. App 2. Cir 2006).</u>

At the very least, the trial court must advise defendant of his constitutional rights to trial by jury, right to face accusers, and privilege against compulsory self-incrimination. Indeed the trial court must ascertain that defendant has knowingly and

(6)

intelligently waived those rights before proceeding to trial, an unequivocal showing that defendant made a knowingly and intelligently waiver cannot be presumed. State vs Terrase, 02-1009 (LA App 5 Cir 2/25/03) 841 So. 2d 947, State vs McCarroll 337 So.2d 475, 480 (LA 1976) State vs Zeringue 03-697 (LA App 5 Cir 11/25/03), 862 So. 2d 186 writ denied, 03-3523 (LA 4/23/04) 870 So.2d 298. Rather, the trial court must actively participate in canvassing the matter with the accused. Because of the legal consequences that exist from choosing a bench trial over the standard jury trial, federal and state jurisprudence dictates that the defendant can only waive the right to a jury trial if he is thoroughly informed of the differences between the two forms of trial. State vs Coleman, 2009-1388 (LA App 1 Cir 2/12/10), 35 So.3d 1096, (quoting State vs Kahey, 436 So.2d 475, 486 (LA 1983). In State vs Desmond, 524 So.2d 197 (LA App 4th Cir. 1988), the court held that "a defendant must be duly cautioned as to his rights." In this instant case, the defendant did not receive adequate and sufficient information from the trial court or his attorney to conclude that his waiver of jury trial was valid, knowingly, and intelligently. State jurisprudence issued by the Louisiana Supreme Court mandates that a "vague" or defective waiver of jury trial shall result in defendant's

(7)

conviction being set aside and a new trial ordered. ~~State~~ vs Nanlal, 96-756 (LA App 5 Cir 2/25/97), 690 So.2d 1136, State vs Nanlal 97-786 (LA 9/26/97), 701 So.2d 963.

b. Violation of Constitutional Rights

Petitioner contends at pre-trial stages of his proceedings his attorney "filed motions" on his behalf in which state failed to comply nor did they award Petitioner with this information which was crucial to him being able to prepare adequate defense. Petitioner contends his defense was crippled and he had no opportunity to refute any evidence presented by the State which violates his Due Process Rights of the Constitution of the State of Louisiana. Petitioner contends that his Attorney was unable to adequately provide him with the best representation without information the State did not provide him which prohibited him from making the State meet the burden of proof which resulted in him being convicted. Petitioner specifically points out that the so-called informant which was the sole basis behind search warrant was untested as CI. This information was crucial to petitioner present an adequate defense for himself. In State vs Martinez 874 So.2d 272, 2004 [5th Cir], untested CI said drugs were sold but cops did not see any large or small numbers of people entering or leaving the

(8)

apartment. CI had no predictive info, no inside info, no special familiarity with petitioner's affairs inside apartment. This made it crucial for the petitioner to have these motions answered by the Trial Court which prevented him Due Process.

The 4th Amendment guarantees that the right of the people to be secure in their person, house, papers, and effects against unreasonable searches and seizures shall not be violated no warrant shall issue, but upon oath and affirmation. It was crucial for the CI to be identified which petitioner contends he was denied this being prejudiced by the State withholding this information. State vs Germain, 433 So2d 110 (LA 1983)

The 5th Amendment guarantees no person shall be deprived of life, liberty, or property without Due Process of the Law. The District Court erred in not responding to the motions filed by petitioner's attorney or his behalf. State knew to wit LA. C.Cr.P. Article 929 entitles court to file summary disposition as to why defendant's motions were set aside and not heard denying him to relief and due process of Law

The 6th Amendment guarantees the right to confront any witness against him. At trial defendant was denied right to confront CI as well as narcotics agents who claim they conducted surveillance. In addition, petitioner had requested

(a)

prior to trial he have witnesses in his favor. However, client did not have exculpatory evidence and witnesses on his behalf to adequate prepare defense at trial proceeding. (Brady vs Maryland) 373 U.S. 83, 83-S.Ct. 1194 (1963)

Petitioner also contends his 14th Amendment rights to the Constitution of the United States of America; was grievously breached when an "involuntarily" confession obtained and used as evidence in court culminated in his conviction.

### c. Ineffective Assistance of Counsel

The Sixth Amendment recognizes the right to assister of counsel because it envisions the counsel playing a role that is critical to the ability of the "adversaria System" to produce just results. An accused is entitled to be assisted by an attorney, whether retaine or appointed, who plays the role necessary to ensure that the trial is fair. Counsel, however, can also deprive a defendant of the the right to effective assistance, simply by failing to render "adequate legal assistance". In this instant case, counsel stipulated to each and every crucial piece of the State's evidence at trial. The various stipulations entered into the record weakene petitioner's defense and crippled his chances of

(10)

refuting any of the evidence presented by the State. Thus a fair trial is one in which evidence subject to "adversarial testing" is presented to an impartial trier-of-fact for resolution of issues in advance of the proceeding. Petitioner contends counsel failed to investigate into offender cause at trial by letting State dictate all the grounds of how the trial would be conducted for the "sake of time". Also, counsel undermined the adversarial testing process by not have compulsory process for obtaining witnesses on petitioner behalf that may have been favorable. Then too, counsel did not bear such skill and knowledge necessary for petitioner to have ample opportunity to meet the case of the prosecution to which he was entitled to. Counsel did little to upset adversarial testing process took in not having motions to suppress evidence, identification, and confession heard prior to trial. Hence, counsel failed to display a duty to loyalty and his overarching duty to advocate defendant's cause. United States vs Cronic, 466 U.S. 648, 104 S.Ct. 2034, 80 L.Ed. 2d 657. Powell vs Alabama 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed 158 (1932). Given the totality of facts and circumstances pertaining to this case counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having

(11)

produced a just result. May the trial record reflect counsel's deficient performance in this particular case prejudiced petitioner by not having exculpatory evidence disclosed to him by district attorney's office (prosecution). The case was revolved around the testimony of an untested confidential informant. However, Counsel's failure to investigate prior to trial to see if a confidential informant existed displays his lack of reasonable professional judgement. Petitioner gave counsel information and documentation establishing he was not present during controlled buy and execution of search warrant that he could have used to conduct a reasonable investigation prior to trial. This adversely had an effect on the defense at trial.[*Fn1] The 6th Amendment imposes a duty to investigate. The result of the this particular Proceeding is unreliable because of a breakdown in the adversarial process. Petitioner contends this proceeding of his was fundamentally unfair due to counsel not making the adversarial testing process work in this particular case resulting him not receiving a fair trial.

[*Fn1] State vs Smith La App 5th Cir 11/24/09   28 So.2d 1092, L.S.A Ci Art. 514(C)(3), State vs Welch 99-1283 (LA. 4/11/00), 760 2d 317, State vs Baker App. 2 Cir 1996, 674 So.2d 1108

## Conclusion

The defendant/appellant, Kevin E. Howard requests this Honorable Court uphold his claim that his jury waiver was improperly accepted by the district Court as they failed to follow constitutional procedure Also, defendant/appellant requests that this Honorable Court set aside his conviction and sentence for his above claims of his constitutional rights were violated during the course of his criminal proceeding. Finally, defendant/appellant respectfully requests that this Honorable Court vacate and set aside his conviction and sentence due to his counsel being ineffective during trial of his case as well as through criminal Proceedings and rule favorably on all merits of this writ.

Respectfully Submitted,

Kevin E. Howard

J.P.C.C.

327 Industrial Drive

Jonesboro, LA  71251

13

Fifth Circuit Court Of Appeal
State of Louisiana

State of Louisiana                    Docket No:
        -v-                           Filed      :
Kevin E. Howard

## Supplimental Writ Of Review

Now into court comes petitioner Kevin E. Howard, pro-se
in proper person who respectfully submit this Writ of
Review to this Honorable 5th Circuit Court of Appeal, State
of Louisiana. In support thereof petitioner offers the
following.

## Jurisdiction of the Court

Jurisdiction is vested in this Honorable Court pursuant
to Article 912.1 (c) of the Louisiana Code of Criminal
Procedure And By Article 149 of the Constitution of
the State of Louisiana.

## Statement of Case

9/26/07, A Bill of Information was filed Against petiti
Alledging that he committed the offenses of, Possession
With the Intent to Distribute C.D.S.(Heroin), Also Possession
With the Intent to Distribute C.D.S.(Cocain), violation
(1)

of La. R.S. 40:966(A), And 40:967(F). 10/16/07, At Arraignment Petitioner enter pleas of not guilty on All charges. Petitioners Attorney filed several motions on his behalf, Motion To Discover, Motion To Suppress Evidence (Identification And Confessions). After A Bench Trial, petitioner was found guilty And on 7/6/09, petitioner was sentenced to (15) years hard labor with the Department of Corrections on both offenses to run concurrent to eachother Also credit for All time served with a fine of $50,000.⁰⁰

<u>Issues for Review</u>

Petitioner contends At the pre-trial stages of his proceeding his Attorney filed motions on his behalf in which the state failed to comply nor did they Award Petitioner with this information which was crucial to him being able to prepare Adequate defense for himself Petitioner contends his defense was crippled And he had no opportunity to refute Any of the Evidence presented by the state which violates his Due Process Right of the Constitution of the State of Louisiana. Petitioner contends Also that his Attorney was unable to Adequately provide him the best representation with out crucial information the state did not provide him which prohibited him from making the state meet the burden of proof which Resulted in him being convicted. Petitioner specificlly

(2)

points out that the so called Confidental Informant which was the sole basis behind the search warrant Also he was untested as a CI. This information was crucial to petitioner presenting an adequate defense for himself. Counsel requested to have the CI. present at trial to be confronted by petitioner to Attes the Alligations against petitioner. In State-v-Martine 874 S.2d 272, 2004 (5th Cir.), Untested CI. said drugs were sold but cops did not see any large or small numbers of people entering or leaving appartmen CI. had no predictive information, no inside info, no special familiarity with petitioners Affairs inside Appart ment. This made it crucial for the petitioner to hav these Motion Answered by the trial court which prevent him his Due Process. Petitioner Also contends his 4th, 5th, 6th Also 14th Amendments have been viola! 4th Amendment guarantees that; the Right of the peopl to be secure in thier person, house, papers, and effects against unreasonable searches and seizures shall not be violated no warrant shall issue, but upon probable cause supported oath and Affirmation. It was crucial for the CI. to be identified which petitioner was denie And caused him to be prejudice by the state with hold ing this information (see Above mentioned case). The 5th Amendment guarantees no person shall be deprived of life liberty or property without due process of Law. The District Court erred in not responding to the

(2)

Motion filed by petitioner Attorney on his behalf. The La. C. Cr. P. Article 929, the District Court never entered Any disposition As to why defendants motions were set Aside And not heard. The 6th Amendment guarantees the Right of the Accused to confront Any witness Against him. At trial petitioner Requested that the information (surveillance norcatics detective) be confronted but was denied And also deprived him his rights for confrontation. Petitioner Also contends that this information was favorable to him presenting An Adequate defense And by the state not providing him with this information results in A <u>Brady</u> violation (<u>Brady – v – Maryland</u>).

<u>Conclusion / Prayer</u>

Petitioner contends that his Motion be granted And his case be remand for further proceeding. Petitioner prays this Honorable Court issue A fair ruling on the merits provided them by petitioner.

Respectfully Submitted:

Kevin E. Howard

J. P. C. C.
327 Industrial Drive
Jonesboro La. 71251

(4)

# STATE OF LOUISIANA

## COURT OF APPEAL, FIFTH CIRCUIT

---

### DOCKET NUMBER: 10-KA-0869

---

STATE OF LOUISIANA
Plaintiff-Appellee

VERSUS

**KEVIN E. HOWARD**
Defendant-Appellant

---

AN APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
IN AND FOR THE PARISH OF JEFFERSON,
STATE OF LOUISIANA

THE HONORABLE ROSS P. LaDART, PRESIDING

DOCKET NO: 07-5586;   SEC. "O"

---

**ORIGINAL BRIEF ON BEHALF OF
DEFENDANT-APPELLANT, KEVIN E. HOWARD,**

SUBMITTED BY:

LOUISIANA APPELLATE PROJECT

PRENTICE L. WHITE (LA. BAR NO: 24250)
APPELLATE COUNSEL
P.O. BOX 74385
BATON ROUGE, LOUISIANA 70874
TELEPHONE: (225) 235-2928

**(CRIMINAL APPEAL)**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ACTION OF THE TRIAL COURT . . . . . . . . . . . . . . . . . . . . . . . . . 3

ACTION OF THE APPELLATE COURT . . . . . . . . . . . . . . . . . . . . . 4

ACTION ON REMAND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ISSUES FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ASSIGNMENTS OF ERROR . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

ARGUMENT OF ISSUE ONE . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

ARGUMENT OF ISSUE TWO . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**APPENDICES (MINUTES OF JUDGMENT OF CONVICTION)**

# TABLE OF AUTHORITIES

<u>CASES</u>                                                                    <u>PAGE</u>

**STATE v. BELL,**
02-1127 (La. App. 5 Cir. 2/25/03), 840 So. 2d 656 . . . . . . . . . . . 10, 12

**STATE v. BROOKS,**
2001-1138 (La. App. 1 Cir. 3/28/02), 814 So. 2d 72,
*writ denied* 2002-1215 (La. 11/22/02), 829 so. 2d 1037 . . . . . . . . . . . 8

**STATE v. COLEMAN,**
2009-1388 (La. App. 1 Cir. 2/12/10), 35 So. 3d 1096 . . . . . . . . . . . . 8

**STATE v. DIXON,**
25,671 (La. App. 2 Cir. 1/19/94), 631 So. 2d 94 . . . . . . . . . . . . . . 12

**STATE v. FONTENOT,**
618 So. 2d 915 (La. App. 1 Cir. 1993) . . . . . . . . . . . . . . . . . . . . 10

**STATE v. FRANCOIS,**
2002-2056 (La. App. 4 Cir. 9/14/04), 884 So. 2d 658 . . . . . . . . . . . 12

**STATE v. GAMBLE,**
504 So. 2d 1100 (La. App. 5 cir. 1987) . . . . . . . . . . . . . . . . . . . . 8

**STATE v. JAMES,**
555 So. 2d 519 (La. App. 4 Cir. 1989),
*writ denied* 559 So. 2d 1374 (La. 1990). . . . . . . . . . . . . . . . . . . . 9

**STATE v. KAHEY,**
436 So. 2d 475 (La. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**STATE v. SEISS,**
428 So. 2d 444 (La. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**STRICKLAND v. WASHINGTON,**
466 U. S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984),
*rehearing denied* 467 U. S. 1267, 104 S. Ct. 3562 (1984) . . . . . . . 7, 10

<u>STATUTES</u>

LSA-Const. Art. 5 § 10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LSA-R. S. 40:966(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7

LSA-R.S. 40:967(F) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LSA-C. Cr. P. Art. 780(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

LSA-C. Cr. P. Art. 780(B) .................................... 8

LSA-C. Cr. P. art. 912 ...................................... 1

## STATEMENT OF JURISDICTION

Jurisdiction of the Court vests under the provisions of Article 5, Section 10 of the Louisiana Constitution 1974. The Louisiana Constitution grants the Courts of Appeal appellate jurisdiction of all criminal cases trial by a jury except those wherein a death penalty was imposed. Additionally, this Court of Appeal has jurisdiction over this matter pursuant to Article 912.1 of the Louisiana Code of Criminal Procedure.

## STATEMENT OF THE CASE

On September 26, 2007, the District Attorney for Jefferson Parish filed a Bill of Information[1] against Kevin E. Howard (Howard) for Possession with Intent to Distribute a Controlled Dangerous Substance (Heroin), and Possession of a Controlled Dangerous Substance (Cocaine) in excess of 28 to 199 grams–both of which are violations of LSA-R.S. 40:966(A) and 40:967 (F) respectively.

On October 16, 2007, Howard appeared at his arraignment and entered a plea of not guilty to the above charges. The district court appointed Howard a public defender to represent him throughout these proceedings. On January 28, 2008, Howard's defense counsel filed several discovery motions, including a Motion to Suppress Evidence, Identification and Confession. Yet, not one of the discovery motion were set for a hearing prior to trial even though the district court specifically reserved ruling on these motions at the conclusion of trial.

The district court erroneously found Howard guilty as charged despite the overwhelming evidence which suggested that Howard was not the person who had access or control over the illegal drugs found in his sister's house. Moreover, there was evidence that Wanda Howard's boyfriend, Edward Veal, had been restrained and

---

[1]See Trial Record p. 14.

subdued during the police's execution of the search warrant. Moreover, there was also evidence to show that Veal was the person who owned the drugs that were discovered in the house.

Nevertheless, on July 6, 2009, the district court sentenced Howard to serve a concurrent sentence of fifteen (15) years for both offenses and lodged a $50,000 fine against him based on these convictions.[2] It is from his convictions for the above offenses that Howard files the instant appeal.

## STATEMENT OF FACTS

On August 3, 2007, members of the Jefferson Parish Sheriff's Office narcotics team obtained a search warrant for 233 Helen Street in Gretna, Louisiana. Apparently, a confidential informant indicated that someone at this residence had sold him some illegal drugs just prior to the search warrant being obtained. Wondra Howard, the sister of Kevin Howard, lived at this particular and it was believed that she allowed Howard to stay with her in the upstairs bedroom. While executing this search warrant, the officers had to spray Edward Veal with a spray that it uses to subdue people who become combative or belligerent.

Upon executing the search warrant, the officers found two ounces of cocaine in a small plastic bag, along with ten grams of cocaine in another bag. The officer also found heroin and a digital scale.[3] All items were discovered in a shoe box located in the upstairs bedroom.[4] Howard's clothing and his identification card from his job were also located in this room. It also appeared that the powdered cocaine was mixed within a bag of rice.

At the time the search warrant was being executed, Howard was not in the

---

[2] See Trial Record p. 156.

[3] See Trial Record p. 53.

[4] Id.

Helen Street residence. One of the officers contacted Howard who later came to his sister's house. Howard was immediately detained. He was later brought upstairs to the bedroom where Howard was temporarily staying because drugs were discovered in this room. The illegal drugs did not belong to Howard. Howard was a recovering cocaine and heroin addict for thirteen years and due to his success with his recovery, Howard was able to obtain an internship[5] with a detoxification center in Jefferson Parish. As an intern, it was strictly prohibited for him to either engage in illegal drug use or to associate with known drug addicts outside of his position with the detox center.

Despite the facts that the drugs did not belong to Howard, he decided to claim ownership of the drugs for the sole purpose of protecting his pregnant sister and his two nephews from further financial and social problems. As a former drug addict, Howard realized that his sister's conviction for drug possession would jeopardize not only her housing situation, but it could also result in her losing custody of her sons. Therefore, Howard immediately claimed that the drugs belonged to him even though his sister and her children had access to the upstairs bedroom area where Howard was temporarily staying. The officers then arrested Howard, and charged him with the above named offenses.

## ACTION OF THE TRIAL COURT

Prior to trial, Howard elected to proceed to a bench trial as oppose to a jury trial. Consequently, most of the procedural objections that would normally occur in most jury trials, were not contested before the presiding judge. There were various stipulations entered into the record and these stipulations weakened Howard's

---

[5]See Trial Record p. 117.

defense and crippled his chance of refuting any of the evidence presented by the State on appeal.

More specifically, Howard's trial counsel stipulated to each and every crucial piece of the State's evidence. While most of the procedural posturing attorneys perform in the presence of an impaneled jury was unnecessary in this bench trial, it was still incumbent upon the trial attorney to force the State to meet its burden of proof. Thus, for defense counsel to simply yield to each and every piece of crucial evidence was totally prejudicial to Howard's case and to his appeal. Accordingly, undersigned counsel argued in Howard's first appeal that Howard's conviction for the above offenses should be reversed and his case should be remanded to the district court for a new trial.

## ACTION OF THE APPELLATE COURT

On May 25, 2010, this Court conditionally affirmed Howard's convictions but remanded the case to the district court for an evidentiary hearing relative to Howard's claim that his jury waiver was not knowingly and intelligently made. Howard also made a claim of ineffective assistance of counsel.

While this Court recognized that a claim of ineffective assistance of counsel are more appropriate in an application for post conviction relief, it found that judicial economy would be best served if an evidentiary hearing was held considering that some of the issues relative to this claim were discussed in the district court transcripts while others were not.

As it relates to the jury waiver, this Court discovered that the district court's colloquy with Howard prior to its acceptance of his waiver was not constitutionally sufficient since the record reflected that neither the district court nor Howard's trial

·counsel fully informed him of his right to a jury trial.

## ACTION UPON REMAND

At the evidentiary hearing, Kevin Howard and his trial counsel, Jake Lemmon, both testified regarding the issues of jury waiver and ineffective assistance of counsel.

Howard testified that he met with Lemmon on prior to trial and both of them discussed Howard's idea of proceeding with a bench trial.[6] While Howard testified that Lemmon did not recommend that he have bench trial, he did state on the record that Lemmon did not inform him of his right to a jury trial, and he did not tell him of the constitutional procedures that were in place to insure that he receive a fair trial from the jury. Such safeguards included peremptory challenges and challenges for cause during the voir dire process.

As it relates to his claim of ineffective assistance of counsel, Howard mentioned that Lemmon did not advise him about what their trial strategy would be during the case. He testified that Lemmon's decision to enter numerous stipulations (approximately eleven) into the record regarding the State's evidence virtually insured his conviction.

Lemmon did not subpoena any witnesses on Howard's behalf. Howard testified that his sister would have indicated that the drugs were hers and that she knew Howard was going to admit to owning the drugs because she was pregnant at the time and could not handle the stress of dealing with a criminal charge along with being pregnant and a mother of two children. Howard concluded by stating that Lemmon's decision not to consult with him or call witnesses of his behalf to establish his innocence resulted in his conviction for the above charges.

Despite the overwhelming evidence that established that Howard was not fully

---

[6]See Trial Record p. 57.

aware of all constitutional rights available to him before requesting a bench trial, the district court ruled that Howard's jury waiver was proper and was made knowingly and voluntarily.  In addition, the district court improperly concluded Lemmon's performance was not deficient and his decision to enter over eleven stipulations during the trial was immaterial to Howard's conviction and did not contribute thereto.

The district court's ruling in this matter was erroneous and this Court should reverse this ruling and remand this matter to the district court for a new trial.

## ISSUES FOR REVIEW

1.   Did the district court commit manifest error when it ruled that Howard made a valid waiver of a jury trial even when it used its own hindsight to determine the merits of the jury waiver and when Howard's trial counsel's stated on the record that a bench trial in this matter was a bad idea?

2.   Was the district court's decision, finding that Howard's trial counsel was not ineffective in his representation of Howard, reversible error even though the transcripts from the hearing indicates that Lemmon admitted to making approximately eleven (11) stipulations[7] in the record regarding virtually every piece of State evidence?

## ASSIGNMENTS OF ERROR

1.   This Court remanded Howard's case to the district court for a hearing on his jury waiver.  Howard indicated that he did not have any previous

---

[7]See Trial Record p. 77.

legal training[8] before he made the waiver.  He elected to have a bench trial and the only advise he received from his trial counsel was that his decision for a bench trial was a *bad idea*.   The district court granted Howard's request.  The court granted Howard's request, not because it had thoroughly questioned Howard beforehand, but because  Howard had made the request earlier in the case and the court just decided to give Howard what he wanted.[9]

2.    This Court's decision to remand Howard's case to the district court also included instructions to review Howard's claim of ineffective assistance of counsel.  Howard's trial counsel, Lemmon, testified that he made the decision to stipulate to the State's evidence because he did not want to waste the court's time with contesting the State on each piece of evidence it had planned to present.  Lemmon also mentioned that he did not subpoena any witnesses because he did not believe that Howard's potential witnesses would advance his defense strategy. Lemmon's decision to make these arbitrary decisions without any input from Howard guaranteed the above conviction.  Thus, this Court should reverse Howard's conviction under the United States Supreme Court decision in *Strickland v. Washington*.[10]

---

[8]See Trial Record p. 73.

[9]See Fifth Circuit decision pp. 8-9.

[10]See *Strickland v. Washington*, 466 U. S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), rehearing denied 467 U. S. 1267, 104 S. Ct. 3562, 82 L. Ed. 2d 864 (1984).

## LAW AND ARGUMENT

### a. Jury Waiver

The Sixth Amendment to the United States Constitution guarantees to every individual accused of a crime to have the right to a fair and speedy trial. In felony cases, the defendant is granted the option of selecting either a jury trial or a judge/bench trial. Because of the legal consequences that exists from choosing a bench trial over the standard jury trial, federal and state[11] jurisprudence dictates that the defendant can only waive the right to the jury trial if he is throughly informed of the differences between the two forms of trials and he elects to waive a jury trial on the record following in-depth questioning[12] from the district court judge.

While the timing of the jury waiver is usually during the arraignment phase, a trial court may accept a jury waiver at any time prior to the commencement of the trial.[13] No special form[14] is required for the defendant to waive this constitutional right and a jury waiver is never presumed.[15]

Here, Howard specifically testified before the district court that he did not have legal training or any sort of experience with criminal procedure to know why a bench trial was preferable to a jury trial. He stated that his trial counsel thought it was a bad idea, but his counsel did not tell him why it was a bad idea or why having a jury was a better choice.[16] Lemmon simply let Howard make his own decision and

---

[11]See *State v. Coleman*, 2009-1388 (La. App. 1 Cir. 2/12/10), 35 So. 3d 1096, (quoting *State v. Kahey*, 436 So. 2d 475, 486 (La. 1983)).

[12]See LSA-C. Cr. P. Art. 780(A).

[13]See LSA-C. Cr. P. Art. 780(B); see also *Coleman*, supra.

[14]See *State v. Gamble*, 504 So. 2d 1100, 1102 (La. App. 5 Cir. 1987).

[15]See *State v. Brooks*, 2001-1138, p. 5 (La. App. 1 Cir. 3/28/02), 814 So. 2d 72, 76, *writ denied* 2002-1215 (La. 11/22/02), 829 So. 2d 1037.

[16]See Trial Record p. 59.

told the district court that it was against his advise.

Nothing in the evidentiary hearing transcripts justified the district court's ruling that the waiver was made knowingly and voluntarily. Prior to the trial, the district court just accepted Howard's decision, but did not question him about his decision. The district court did not tell Howard how a jury would be selected or what methods were place to insure that a impartial jury was chosen. Howard simply asked for a waiver and he got it–no questions asked.

Therefore, this Court must again remand this matter to the district court. However, on this remand, this Court should issue an instruction to the district judge to schedule this matter for a new trial in light of the fact that the alleged jury waiver was not made knowingly or voluntarily.

### b. Ineffective Assistance of Counsel

Every criminal defendant is entitled to the effective assistance of counsel when defending themselves against criminal charges lodged against them by the State. However, when the attorney entrusted with the obligation of defending these individuals is ineffective, unethical or unprofessional, then it greatly weakens the legitimacy of the defendant's conviction and mandates the judiciary to disregard the guilty verdict and to order a new trial.[17]

Lemmon testified that he made the various stipulations to the State's evidence because the judge was *well familiar* with the case and because he would just be posturing before the court if he contested all of the evidence as he would if it were a jury trial. Unfortunately, Lemmon's decision not to challenge the legitimacy of the State's evidence or even to subpoenaed[18] witnesses on Howard's behalf guaranteed

---

[17]See *State v. James*, 555 So. 2d 519 (La. App. 4 Cir. 1989), *writ denied* 559 So. 2d 1374 (La. 1990).

[18]See Trial Record p. 63.

Howard's conviction.   Howard has satisfied his obligation to this Court by showing that his counsel's performance was so deficient that it prejudiced him by denying him the right to a fair trial.[19]

As mentioned earlier, claims of ineffective assistance of counsel are reserved for post conviction applications[20] and are not reviewed on direct appeal unless the information in the appellate record is sufficient to justify a complete review of the defendant's claim.[21]  Here, there is sufficient information in the appellate record for this Court to evaluate the ineffective assistance of counsel claim discussed herein.[22]

Defense counsel chose not to contest any of the State's evidence; rather, he decided that a simple explanation from Howard as to why he incriminated himself by claiming ownership of the drugs would be sufficient.  Defense Counsel's strategy[23] was naive and was destined to fail given Howard's previous criminal[24] record and the amount of incriminating evidence in the State's favor.

Defense Counsel admitted that Howard was sleeping in the room where the drugs were found.   Defense Counsel stipulated that the items found in the shoe box[25] were indeed illegal drugs;[26] he also stipulated that the weight of each specific drug seized was correct as it was written on the drug analysis form.   Defense Counsel

---

[19]See *Strickland v. Washington*, 466 U. S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), *rehearing denied* 467 U. S. 1267, 104 S. Ct. 3562, 82 L. Ed. 2d 864 (1984).

[20]See generally, *State v. Bell*, 02-1127 (La. App. 5 Cir. 2/25/03), 840 So. 2d 656.

[21]See *State v. Fontenot*, 618 So. 2d 915 (La. App. 1 Cir. 1993), (stating that claims of ineffective assistance of counsel are ordinarily raised by post-conviction application).

[22]See *State v. Seiss*, 428 So. 2d 444 (La. 1983), (declaring that the issue addressing the merits of the defendant's claim of ineffective assistance of counsel may be reviewed on appeal where the record contains evidence necessary to evaluate such a claim).

[23]See Trial Record p. 61.

[24]See Trial Record p. 136.

[25]See Trial Record p. 47.

[26]See Trial Record p. 42.

further conceded that the clothes[27] found in the upstairs bedroom closet and all of the items in the briefcase located in that bedroom also belonged to Howard.[28] Finally, trial counsel stipulated that the search warrant was legally obtained.[29]

Interestingly, Lemmon testified that his defense strategy was to show that it was not physically possible that the drugs belonged to Howard or that Howard was selling drugs from this house since he had arrived at his sister's house from Texas[30] no more than two days prior to the execution of the warrant.[31]   Either Lemmon misstated his defense strategy to the court during the hearing or he did not have a rational strategy from the beginning.[32] For Lemmon to stipulate that the drugs belong to Howard and that the clothing belong Howard does not seem to advance his stated strategy.

The decision to enter a series of stipulations to the State's evidence severely prejudiced Howard's ability to refute the strength of the evidence against him; thereby sealing his conviction for the above offenses. In fact, during the State's presentation of evidence, Defense Counsel did very little to upset or challenge the evidence presented against Howard.   Counsel's performance was both lacking and deficient considering the seriousness of the charges against him.   Howard was severely prejudiced at trial because his only option at that point was to explain why he committed these crimes.  Unfortunately, there were no explanation that could result in him escaping a guilty verdict once his counsel made these damaging

---

[27]See Trial Record p. 56.

[28]See Trial Record p. 56.

[29]See Trial Record p. 106.

[30]See Trial Record p. 86.

[31]See Trial Record pp. 80-82.

[32]See Trial Record p. 82.

stipulations.

Considering that Howard already had three prior felony convictions at the time of trial, it was imperative that his trial attorney advance a reasonable defense to refute the State's evidence.

Counsel's actions did not fall within the parameters of reasonable professional assistance.[33]  Simply offering the court an explanation as to why Howard knowingly and intentionally possessed illegal drugs was pointless.   Defense Counsel should have solicited the testimony of Wondra Howard to explain why Howard was residing with her and her children. She could have shared with the court why Edward Veal was in her house and why the police sprayed[34] him once coming into her home.

Offering the testimony of Howard's mother, Joyce Howard,[35] did nothing to exonerate Howard; in fact, it only highlighted counsel's unpreparedness for trial because Howard's mother was not present when her son was arrested and could not give an account as to where her son was at the time the search warrant was executed. Actually, the record states that Lemmon called Howard's mother to testify  because she *was there.*[36]

While it is commonly recognized by the appellate courts that trial counsel reserves the right to call or not to call a particular witness, counsel's decision to call a witness that does not promote or foster a credible trial strategy should not be arbitrarily thrown under the cloak of reasonable trial strategy.[37]   Actually, such

---

[33]See *State v. Dixon*, 25,671 (La. App. 2 Cir 1/19/94), 631 So. 2d 94.

[34]See Trial Record p. 52.

[35]See Trial Record pp. 109-113.

[36]See Trial Record p. 68.

[37]See *State v. Francois*, 2002-2056 (La. App. 4 Cir. 9/14/04), 884 So. 2d 658,(finding that the defendant was not denied the effective assistance of counsel because trial counsel did not object to the qualifications of the fingerprint expert or the State's use of a prior felony conviction during a multiple bill hearing); see also *State v. Bell*, supra.

actions are only illustrations of an attorney who is unsure of what he is doing. Defense Counsel's actions showcased his ineffectiveness not because the alleged trial strategy proved unsuccessful, but because counsel's actions did not support a strategy at all.

Accordingly, this Court should reverse Howard's conviction and sentence for Possession with Intent to Distribute Cocaine and Possession of Heroin because counsel's performance during the trial proceedings was ineffective and totally against the *right to counsel* guaranteed under the Sixth Amendment to the United States Constitution.


## CONCLUSION

The defendant/appellant, Kevin Howard, requests that this Honorable Court uphold his claim that his jury waiver was improperly accepted by the district court because the court failed to follow the appropriate constitutional procedures. Secondly, Howard's claim of ineffective assistance of counsel should be upheld because his attorney entered over eleven damaging stipulations in Howard's case that ultimately resulted in his conviction.

RESPECTFULLY SUBMITTED

LOUISIANA APPELLATE PROJECT

PRENTICE L. WHITE (La. Bar Roll No: 24250)
P.O. BOX 74385
BATON ROUGE, LOUISIANA 70874-4385
TELEPHONE: (225) 235-2928

ATTORNEY FOR APPELLANT,
Kevin E. Howard.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing appellate brief

has been served upon opposing counsel by depositing the same in the U.S. Mail, at

Baton Rouge, Louisiana, this 4th day of November, 2010.

PRENTICE L. WHITE

# APPENDIX

# VERDICT

# SENTENCING

# 24th Judicial District Court
## Parish of Jefferson - State of Louisiana

State of Louisiana
     Versus
**KEVIN HOWARD**

| | | |
|---|---|---|
| DOB: | 10/03/1972 | |
| Judge: | Ross P. LaDart | |
| ADA: | Jennifer Rosenbach | |

| | |
|---|---|
| Case Number: | 07-5586 |
| Division: | O |
| Complaint: | H0310407 |
| Date: | 07/16/2010 |
| Court Reporter: | Susan Stentz |

The Defendant, KEVIN E. HOWARD, appeared before the bar of the Court this day for an Evidentiary Hearing and Re-Sentencing on count 1 as ordered by the Fifth Circuit Court of Appeal.
The Defendant was represented by JOSEPH L. PEREZ.
The Defendant is in Jefferson Parish Prison on a writ issued to Jackson Parish Jail.
The Court noted it canceled the Rule to Show Cause to the Louisiana Appellant Project and the order for the L.A.P. to appear this day.

The Court took up the Evidentiary Hearing:
9:15  DW 1 - Kevin Howard
9:40  DW 2 - Jake Lemmon

    SE 1 - Transcript of 6/22/09
    SE 2 - Transcript of 6/24/09

10:07  Defense argument; Submitted as to Ineffective Assistance of Counsel
10:10  Defense argument; Submitted as to Jury Waiver
10:16  State argument

The Court found the Jury Waiver was given Knowingly and Intelligently as well as persistently.  The Court further found that Attorney Jake Lemmon had not been Ineffective as counsel.

On 6/24/2009 the Defendant was found GUILTY by a Judge on count 1) 40:966.A  F  II  SCHEDULE I DIST/WITD OF A CDS -HEROIN .

As to count 1, the Court sentenced the Defendant to imprisonment at hard labor for a term of 15 years.  Giving the Defendant credit for all time served.  The Defendant is committed to the Louisiana Department of Corrections for execution of said sentence in conformity with L.S.A.-R.S. 15:824.

The first 5 years of the Sentence to be served without benefit of parole, probation, or suspension of sentence.
The Court ordered that the above sentence is to run concurrently with count 2 and any other Sentence the Defendant is serving from this date forward.  All other terms of the original Sentence remain unchanged.
The Court informed the Defendant he/she has thirty (30) days from today's date to appeal this conviction, and two (2) years after judgement of conviction and sentence has become final to seek post-conviction relief.

Counsel Joseph Perez objected to the Court's findings and advised he will file a Motion for Appeal.

The Defendant was remanded to Jefferson Parish Prison for transfer back to Jackson Parish Jail.

_____
James L. Marvin, Deputy Clerk

_____

Now, therefore, you, the said Sheriff, are hereby commanded to carry out in full every part of the aforesaid sentence.  And for so doing this shall be your sufficient warrant and authority.

Witness, the Honorable Ross P. LaDart, Judge presiding in the 24th Judicial District Court, Division O, Parish of Jefferson, at the hall of sitting of the same, in the City of Gretna, this 16 day of July in the year 2010.

_____
Ross P. LaDart, Judge

Entry:  (15)

Hard Labor Commitment

IMAGED JUL 19 2010

pg: 3