UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KEVIN E. HOWARD**                                          **CIVIL ACTION**

**VERSUS**                                                   **NO. 13-5043**

**VERNON CORRECTIONAL CENTER**                               **SECTION "H"(5)**

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). For the following reasons, **IT IS RECOMMENDED** that the petition for *habeas corpus* relief be **DISMISSED WITHOUT PREJUDICE**.[1]

### I.    Procedural history

Petitioner, Kevin Howard, is a state prisoner incarcerated in the Vernon Correctional Center, in Leesville, Louisiana. On September 26, 2007, Howard was charged by bill of information with one count of possession with intent to distribute heroin, in violation of Louisiana Revised Statute 40:966(A), and one count of possession with intent to distribute

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by the exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

cocaine, in violation of Louisiana Revised Statute 40:967(F).[2] On June 24, 2009, after a one-day bench trial, he was found guilty as charged.[3] He was sentenced on July 6, 2009 to fifteen years imprisonment at hard labor on each count, to be served concurrently.[4] The court also imposed a $50,000 fine as to count two.

On direct appeal, he asserted a single assignment of error that he was denied effective assistance of counsel. The Louisiana Fifth Circuit Court of Appeal conditionally affirmed his convictions and sentences on May 25, 2010.[5] In reviewing the record for error patent, the court of appeal questioned the validity of petitioner's waiver of his right to a jury trial, and remanded the matter to the trial court for an evidentiary hearing on both the waiver issue and the claim of ineffective assistance of counsel. Petitioner's request for a rehearing was refused.

Howard was appointed new counsel for purposes of the evidentiary hearing, which was held on July 16, 2010.[6] Based on the evidence submitted, the trial court ruled that the petitioner knowingly and voluntarily waived his right to a jury trial, and that he was not denied effective assistance of counsel at trial.[7] Howard lodged his second direct appeal.

---

[2] State Rec., Vol. 1 of 5, Bill of information.

[3] State Rec., Vol. 1 of 5, minute entry of 6/24/09

[4] State Rec., Vol. 1 of 5, minute entry of 7/6/09.

[5] *State v. Howard*, 09-KA-928, (La. App. 5th Cir. 5/25/10), 37 So.3d 1099, *reh'g denied* 6/23/10; State Rec., Vol. 4 of 5. The court of appeal also noted that his sentences were illegally lenient, but that only the sentence on count two required corrective action. The court of appeal deferred consideration of the ineffective assistance claim, noting the opportunity for development of a complete record on the issue and reserving Howard's right to appeal from an adverse decision. *Id*. at 1107.

[6] State Rec., Vol. 4 of 5, Transcript of evidentiary hearing on July 16, 2010.

[7] *Id*. at 54-56.

In this appeal, Howard raised three assigned errors:  two counseled assignments of error contesting the validity of his jury trial waiver and ineffective assistance of counsel, and one additional *pro se* assignment of error alleging violations of his constitutional rights based on the non-disclosure by the State of the identity of the confidential informant who supplied information that led to the issuance of the search warrant.  On May 24, 2011, the Louisiana Fifth Circuit affirmed petitioner's convictions and sentences.[8]  No rehearing was requested. Petitioner's related writ application to the Louisiana Supreme Court was denied without stated reasons on April 9, 2012.[9]  Howard did not seek review to the United States Supreme Court.[10]

On March 26, 2013, Howard filed his federal application for *habeas corpus* relief,[11] in which he asserts under a broad reading, eight claims for relief:

(1)   The trial court erred in failing to ascertain that petitioner knowingly and voluntarily

---

[8] *State v. Howard*, 10-869 (La. App. 5th Cir. 5/24/11), 66 So.3d 1160; State Rec., Vol. 1 of 5.  The court of appeal noted that the trial court had, as previously ordered, resentenced petitioner on remand; however, the court of appeal found that the restriction on parole eligibility was improper, and amended the sentence on count one accordingly.  The court of appeal remanded, directing the trial court to correct the commitment order to reflect the amended sentence and generally to fix noted inconsistencies between the commitment order and the transcript.

[9] *State ex rel. Howard v. State*, 2011-KH-1468 (La. 4/9/12), 85 So.3d 135; State Rec.,Vol. 5 of 5.

[10] The record contains no evidence of any other collateral motions.  The Court has confirmed by a search of the Westlaw database and with the clerk of the Louisiana Supreme Court that Howard has filed no other writ applications in that court since No. 2011-KH-1468 following the direct appeal.

[11] Rec. Doc. No. 1, Petition. "A prisoner's *habeas* application is considered 'filed' when delivered to the prison authorities for mailing to the district court." *Roberts v. Cockrell*, 319 F.3d 690, 691 n.2 (5th Cir. 2003).  While the petition itself is not dated, petitioner's pauper application is signed and notarized March 26, 2013, which is presumed to be the earliest date of record on which it could have been delivered to prison authorities for mailing. Rec. Doc. No. 2.

waived his right to a jury trial;

(2) At the pretrial stage, petitioner was denied critical information needed to prepare an adequate defense, namely information related to the confidential informant;

(3) The search and seizure was unlawful and not supported by probable cause;

(4) Narcotics agents prompted the confidential informant to identify petitioner through a suggestive photographic identification procedure;

(5) He was denied the right to confront witnesses against him, including the confidential informant and narcotics agents;

(6) His confession was coerced "by detective's psychologically manipulating him" and that confession was used in court as evidence to convict him;

(7) He was denied effective assistance of counsel based on counsel's failure to provide an adequate defense, mainly due to counsel's stipulations during trial that effectively prevented him from asserting a successful defense;

(8) His conviction was obtained by a violation of the privilege against self-incrimination when he was forced to testify at trial.[12]

The State argues that the federal application is untimely. The State urges Howard's writ application, filed in the Louisiana Supreme Court on July 1, 2011, did not toll prescription

---

[12] In his federal application, petitioner alleges four broad categories as grounds for relief: (1) jury waiver; (2) violation of constitutional rights; (3) denial of effective assistance of counsel; and (4) conviction obtained by a violation of the privilege against self-incrimination. The State referred to the second catch-all category of constitutional claims as a "smorgasbord," because it included numerous claims. The Court has attempted to construe these constitutional claims broadly and has separated them for ease of reference (claim 1 above is the same as petitioner's stated claim 1; claims 2-6 listed above all correspond to petitioner's claim 2; claims 7 and 8 correspond to petitioner's claims 3 and 4).

because it was not "properly filed." The State also contends petitioner has failed to exhaust his remedies in the state courts as to some of the claims.[13]

The threshold questions in *habeas* review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court (*i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim). *Nobles v. Johnson*, 127 F.3d 409, 419–20 (5th Cir.1997) (*citing* 28 U.S.C. § 2254(b), (c)). For the following reasons, the undersigned rejects the State's time-bar defense, but finds that some of the claims are unexhausted, thus rendering this a mixed petition subject to dismissal.

## II. Statute of limitations

The AEDPA generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."[14] The United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir.2003). However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." *Id*. at 694; *see also Foreman v. Dretke*, 383

---

[13] Rec. Doc. No. 14, pp. 6-10; 12-13.

[14] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those provisions are not applicable in the instant case.

> F.3d 336, 338 (5th Cir.2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
>
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. *See Foreman*, 383 F.3d at 338–39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir.2006); *Roberts*, 319 F.3d at 693. Louisiana Supreme Court Rule X, § 5(a) states that an application "to review a judgment of the court of appeal either after an appeal to that court... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal."

*Butler v. Cain*, 533 F.3d 314, 317 (5th Cir.2008).

The State asserts that Howard's convictions and sentences became final thirty (30) days after the court of appeal rendered judgment in his second direct appeal (May 24, 2011)[15] – on June 23, 2011 – because he did not file for rehearing or *timely* seek review in the Louisiana Supreme Court. La. S.Ct. Rule X, § 5(a); *Butler v. Cain*, 533 F.3d at 317 (appeal is final when the state defendant does not timely proceed to the next available step in an appeal process) *(citing Roberts v. Cockrell*, 319 F.3d 690, 694–95 (5th Cir.2003)). The record reflects that the writ application was mailed to the Louisiana Supreme Court on July 1, 2011, received by the Court on July 5, and stamped as filed on July 6.[16] However, petitioner had only until June 23, 2011, to seek review of the appellate judgment in the Louisiana Supreme Court. The State argues that because he failed to file a writ application with that court, his state criminal judgment

---

[15] The record reflects that notice of the judgment was mailed this same date. State Rec., Vol. 1 of 5, certificate of mailing.

[16] State Rec., Vol. 5 of 5, Application for writ of supervisory review filed in the Louisiana Supreme Court and copy of envelope.

became final for the purposes of the AEDPA, and his federal limitations period commenced, on June 23, 2011. The federal limitations period expired one year later. Petitioner did not file his federal application until March 26, 2013. Therefore, the State contends the instant application is untimely.

Under the prison mailbox rule, a prisoner's pleading is deemed to have been filed on the date that the *pro se* prisoner submits the pleading to prison authorities for mailing. *Causey v. Cain*, 450 F.3d 601, 604 (5th Cir. 2006) (*citing Houston v. Lack*, 487 U.S. 266, 270-71, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Here the State notes the record contains no evidence regarding the date on which petitioner delivered his Louisiana Supreme Court writ application to prison authorities for mailing. The writ application itself is not dated. Nor does it include a certificate of service, cover letter or any other indicator from which to infer the date of delivery. However, the State admits, and the record clearly shows, that petitioner delivered his writ application to prison authorities for mailing. A stamp on the envelope demonstrates receipt by prison authorities, but the official stamp used by the prison is undated. The state court record is insufficient to establish the date of delivery for mailing. Under these circumstances, the Court cannot find that petitioner's writ application to the Louisiana Supreme Court was not properly filed. Furthermore, the State does not contest the fact that if Howard's Louisiana Supreme Court writ application tolled prescription, then the instant petition is timely.[17] Thus, the Court finds the instant federal application is timely.

### III.   Exhaustion

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of

---

[17] Rec. Doc. No. 14, p. 10.

all claims in state court prior to requesting federal collateral relief." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir.1998) (*citing Rose v. Lundy*, 455 U.S. 509, 519–20 (1982)); *accord Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Nobles v. Johnson*, 127 F.3d 409, 419 (5th Cir. 1997). "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." *Whitehead*, 157 F.3d at 387 (*citing* 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519–20).

"To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir.2001) (internal quotation marks omitted). That requirement applies to all levels of review in the state court system, meaning that a petitioner's federal claim must have been "fairly presented" to "*each* appropriate state court (including a state supreme court with powers of discretionary review)." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (emphasis added). For the following reasons, it is evident that not all of the claims petitioner now presents to this Court were fairly presented at each level of the state court system.

The State concedes, and the Court agrees, that petitioner has exhausted claims one, two, five and seven by fairly presenting the claims to each state court, including the Louisiana Supreme Court.[18] The record indicates the State is also correct, however, in that petitioner has failed to exhaust claims four, six and eight. Petitioner has not presented claim four (suggestive identification) or claim eight (self-incrimination) to any state court, including the Louisiana Supreme Court, on either direct or collateral post-conviction review. These claims were first raised in his federal application for *habeas corpus* relief. He has therefore failed to exhaust

---

[18] Rec. Doc. No. 14, p. 12.

claims four and eight.  Claim six (coerced confession) was raised for the first and only time in his writ application to the Louisiana Supreme Court.  However, because petitioner did not present the claim on direct appeal to the Louisiana Fifth Circuit, the intermediate court did not have an opportunity to consider it.  A petitioner does not exhaust state remedies when he fails to present claims to the lower courts before submitting them to the state's highest court, here the Louisiana Supreme Court. *See Baldwin*, 541 U.S. at 29. Thus, claim six also is not exhausted.

Contrary to the State's contention, the Court finds petitioner's assertion that "his rights were violated when narcotics detectives obtained a search warrant for the premises by falsifying evidence against him, with an untested and unreliable confidential informant," is properly construed as challenging the alleged unreasonable search and seizure and lack of probable cause, which arguably was fairly presented by petitioner *pro se* in his supplemental brief on direct appeal in the Louisiana Fifth Circuit and in his writ application to the Louisiana Supreme Court.[19]  In these state court pleadings, petitioner asserted the State withheld evidence of the confidential informant's identity which prevented him from adequately challenging the validity of the search warrant, and cited to the Fourth Amendment guarantee against unreasonable searches and seizures.[20]  For this reason, the Court finds claim three was properly exhausted.

---

[19] The State challenges this ground, which was asserted as part of petitioner's catch-all claim two "constitutional violations."  See Rec. Doc. No. 14, pp. 12-13.  The Court has redesignated this ground as claim three challenging the constitutionality of the search and seizure.

[20] See Rec. Doc. 1, Exhibit #2 to Petition at pp. 8-9 (Louisiana Supreme Court petition for supervisory writ and/or review) and pp. 15-16 (Supplemental writ of review to Louisiana Fifth Circuit Court of Appeal).

Howard's federal application is a mixed petition, containing both exhausted and unexhausted claims, and should be dismissed without prejudice. *Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998) ("A *habeas* petition containing both exhausted and unexhausted claims is a 'mixed' petition which should be dismissed without prejudice."). Although the Supreme Court has recognized the availability of a stay and abeyance approach for "mixed" petitions due to the AEDPA's one-year statute of limitations, it has held that such a remedy must be exercised only in "limited" circumstances. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Even where the one-year limitation is a concern, as here, the Court has cautioned that "because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id*. However, the record in this case discloses no good cause for Howard's failure to properly and fully exhaust each of his claims in the state courts.[21] Accordingly, the petition should be dismissed without prejudice to allow Howard to fully exhaust available state court remedies as to all of his claims, unless he amends the *habeas* petition to dismiss or withdraw the unexhausted claims and proceed with only exhausted claims. *Pliler v. Ford*, 542 U.S. 225, 233 (2004) (*citing Rose*, 455 U.S. at 510).

---

[21] Petitioner has not offered, nor does the record disclose, any reason why he did not raise the unexhausted claims in his *pro se* brief in the appellate court or his supervisory writ application on direct appeal.

**RECOMMENDATION**

**IT IS RECOMMENDED** that petitioner's application for federal *habeas corpus* relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (*en banc*).[22]

New Orleans, Louisiana, this 15th day of   August  , 2014.

      MICHAEL B. NORTH
      UNITED STATES MAGISTRATE JUDGE

---

[22] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.